UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **RICHARD SCHALES** | **CASE NO. 6:17-CV-01512** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **NATIONSTAR MORTGAGE LLC, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Before the Court is a Motion to Stay filed by Plaintiff Richard Schales ("Schales").[1] Pursuant to his motion, Schales moves the Court to stay this action pending the outcome of two lawsuits pending in state court, invoking the *Colorado River* abstention doctrine.[2] Defendants, Nationstar Mortgage LLC ("Nationstar") and Bank of America, N.A. ("BANA"), oppose the motion.[3] For the reasons that follow, the motion is DENIED.

## I.
### BACKGROUND

This suit arises out of an alleged wrongful foreclosure suit filed in state court. Schales executed a $70,000.00 promissory note in favor of New South Federal Savings Bank on March 20, 2003. *Nationstar Mortgage, LLC v. Shales*, 261 So.3d 912, 914-15 (La. App. 3 Cir. 2018). The note is secured by a mortgage encumbering property at 2112 Kramer Drive, New Iberia, Louisiana. *Id.* at 915. New South subsequently indorsed the note to Countrywide Home Loans; Countrywide in turn indorsed the note in blank and delivered the original note to Nationstar. *Id.* On August 13, 2014, Nationstar filed a verified petition for executory process in state court alleging Schales had

---

[1] ECF No. 53.

[2] *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[3] ECF Nos. 62, 63.

defaulted on his obligations under the note and mortgage.[4] *Id.* On August 19, 2014, the state trial court found Nationstar was entitled to issuance of a writ of seizure and sale, and thereafter the Iberia Parish Clerk of Court issued the writ and the sheriff recorded a notice of seizure. *Id.*

On December 18, 2014, Schales filed a petition for preliminary injunction, temporary restraining order, and a reconventional demand for damages against Nationstar in the state court executory proceeding.[5] *Id.* Schales sought injunctive relief prohibiting the seizure and sale of the property. By his reconventional demand, he sought damages for wrongful foreclosure, negligence, violations of his "Constitutional Due Process Rights," conversion, breach of fiduciary duty, violations of the Louisiana Unfair Trade Practices Act, and violations of the federal Fair Debt Collections Act.[6] Nationstar responded by filing a motion to strike Schales' reconventional demand, dilatory exceptions asserting unauthorized use of summary procedure, improper cumulation of actions, and improper use of executory process, as well as peremptory exceptions of no cause of action and prescription. *Id.* The trial court granted all of Nationstar's exceptions and dismissed Schales' claims with prejudice. *Id.* On December 12, 2018, the Third Circuit reversed in part, finding "the trial court erred in dismissing Schales' claims rather than ordering that the improperly cumulated claims be severed and assigned a new docket number or ordering that

---

[4] The Louisiana Code of Civil Procedure authorizes "executory proceedings," whereby a creditor can obtain a judgment of foreclosure on a mortgage containing a "confession of judgment" clause. La.Code Civ. P. art. 2631 ("Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment...."). Executory proceedings are ex parte proceedings, "effectively waiv[ing] the right to a routine adversary hearing." *Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883, 885 (5th Cir.1989) (quoting *Buckner v. Carmack*, 272 So.2d 326, 330 (La.1973)).

[5] On November 28, 2016, at the request of Nationstar, the state court issued an order cancelling the seizure notice because the property described in the seizure notice was not the same property encumbered by the mortgage. *Schales*, 261 So.3d at 915. According to Nationstar, Schales' property has not been seized to date and is not currently subject to sale. ECF No. 63 at 4.

[6] ECF No. 63-4 at 10.

Schales amend his pleadings to conform to proper procedure." *Id.* at 921. On December 19, 2018, the trial court issued an order severing Schales' reconventional demand from the suit for executory process.[7]

Meanwhile, on October 13, 2017 (after the state trial issued its ruling dismissing Schales' claims but before the Third Circuit issued its decision on appeal), Schales filed a new suit in state court, largely mirroring his prior reconventional demand.[8] In this suit, he named not only Nationstar as a defendant, but also BANA.[9] Schales states he filed this suit "to stop prescription in the event the appellate court denied the appeal."[10] BANA removed the suit to this Court on November 17, 2017. Thereafter, Schales filed an Amended Complaint asserting the following claims: breach of contract, contractual fraud, conversion, negligent misrepresentation/delictual fraud, breach of fiduciary duty, violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.[11] On September 26, 2018, the matter was reassigned to the undersigned. Schales then filed the pending motion to stay, arguing a stay will allow the parties "to avoid piecemeal litigation and inconsistent rulings over the property at issue . . . ."[12]

---

[7] ECF No. 63-2.

[8] ECF No. 1-1.

[9] According to the pleadings, BANA serviced the mortgage loan from 2005 to 2013, and Nationstar has serviced the loan from 2013 to date. *Id.* at 1; ECF No. 1 at 1.

[10] ECF No. 53-1 at 1.

[11] ECF No. 22.

[12] ECF No. 53-1 at 1.

## II.
## APPLICABLE LAW

"*Colorado River* abstention is a narrow exception to a federal court's 'virtually unflagging' duty to adjudicate a controversy that is properly before it." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (discussing *Colorado River Water Dist. v. United States*, 424 U.S. 800, 817 (1976) and *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983)). The doctrine applies when a state proceeding is ongoing and is parallel to a federal proceeding. *Air Evac EMS, Inc. v. Texas, Dept. of Ins.*, 851 F.3d 507, 520 (5th Cir. 2017). Under *Colorado River*, "a federal court may abstain only under exceptional circumstances."[13] *Lucien* at 797. Before determining whether exceptional circumstances warrant abstention, courts must first find that the state and federal proceedings "are sufficiently parallel to make consideration of abstention proper." *Lucien* at 797. Parallel actions typically involve the same parties, but the identity of the parties is not determinative. *Id.* Rather, courts should "look both to the named parties and to the substance of the claims asserted in each proceeding" to determine whether the matters are sufficiently parallel.[14] *Id.* Only if the matters are deemed parallel must the court then engage

---

[13] There are six factors a court must balance on a case-by-case basis to determine whether exceptional circumstances warrant *Colorado River* abstention, namely:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Lucien*, 756 F.3d at 798 (quoting *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)).

[14] In *Lucien*, the Fifth Circuit found that a state court case and a federal action were parallel. 756 F.3d at 790. There, a local congregation filed suit against its national church in city court to evict several of the latter's officeholders who had changed the former's locks. *Id.* The national church then filed suit against the local congregation in federal court seeking a declaratory judgment as to the property rights. *Id.* The Fifth Circuit determined that although the named parties in both suits differed slightly, "the interests of all of the parties named in either action align[ed] undisputedly, either with [the local congregation's] interest or with [the national church's]." *Id.* at 798. The Fifth Circuit further found "the eviction proceeding will necessarily dispose of all claims asserted by [the national church] in the federal action," because the eviction

in the six-factor *Colorado River* balancing test, but "with the balance heavily weighted in favor of the exercise of [federal] jurisdiction." *Air Evac EMS*, 851 F.3d at 520 (alteration in original) (quoting *Moses H. Cone Mem. Hosp.*, 460 U.S. at 16).

## III.
### ANALYSIS

Schales argues the suits pending in state court and this Court are parallel, as "[t]he issues all arise from the wrongful foreclosure of Schales' home and lawsuits against the mortgage company."[15] According to Schales:

> Looking at the substance of the claim, it demonstrates that BANA was the previous mortgage company that held the mortgage which Nationstar is now using to wrongfully foreclose upon Plaintiff. The wrongful foreclosure claims are based on interrelated critical facts, that Nationstar wrongfully foreclosed based on actions that began during BANA's servicing of the mortgage and continued through Nationstar's wrongful conduct in administering the escrow account.
>
> . . . . Had BANA not breached its No-Escrow Rider with the Plaintiff and had Nationstar serviced the account property [sic], Mr. Schales would not have been in foreclosure proceedings. It is these actions which form the basis for the wrongful foreclosure action in the reconventional demand and in the now removed action in federal court.[16]

Defendants argue the suits are not sufficiently parallel, because they do not involve the same parties or the same issues.[17] Defendants note BANA is not a party in the matters pending in state court, and further argue that in the state proceedings, Schales primarily seeks injunctive relief to halt the seizure and sale of property. According to Defendants, the suit before this Court "is a pure

---

proceeding would require the local congregation to prove title and occupancy – the only issues before the federal court. *Id.*

[15] ECF No. 53-1 at 3.

[16] ECF No. 67 at 2 (footnotes omitted).

[17] ECF No. 62 at 12-13; ECF No. 63 at 8.

damages action in which Schales alleges that BANA and Nationstar supposedly breached a mortgage loan, committed several torts, and violated federal statutory law."[18]

The Court finds the suits pending in state and federal court are not sufficiently parallel to warrant *Colorado River* abstention. First, as Defendants correctly point out, the parties are not parallel, as BANA is not a party to either state court suit. Additionally, the substance of the claims in each tribunal differ. In one of the state court suits, Schales seeks injunctive relief prohibiting the seizure and sale of the encumbered property.[19] In the other, he seeks monetary damages for breach of contract, various torts, violations of various state and federal statutes, and violations of his constitutional due process rights."[20] In the suit before this Court, Schales brings the majority of claims he asserts in state court, but with the addition of a claim for violations of the Truth in Lending Act, and the addition of a new Defendant, BANA.[21] Further, unlike the matters pending in state court, here Schales does not seek injunctive relief, nor do his claims (which are solely for monetary damages) implicate title, ownership, or other in rem rights. In contrast to *Lucien*, a judgment from this Court will not adjudicate the in rem rights at issue in the state court proceedings. Thus, not only do the claims and relief asserted in each tribunal differ, but this matter involves an additional defendant, BANA. Moreover, here Schales alleges each Defendant was the loan servicer during distinct periods of time – i.e., BANA from 2005 to 2013, and Nationstar from 2013 to present. Therefore this suit will likely require an examination of the acts of each entity

---

[18] ECF No. 62 at 13; ECF No. 63 at 8-9.

[19] ECF No. 63-4 at 18.

[20] *Id.* at 10, 18-19. While Plaintiff does not explicitly assert a breach of contract claim in state court, his Petition can fairly be read to encompass such a claim. Plaintiff does not identify whether his due process claim arises under the federal or Louisiana constitution.

[21] Unlike the severed reconventional demand in state court, in this matter Schales does not assert claims for wrongful foreclosure, violations of his due process rights, or violations of the Louisiana Unfair Trade Practices Act.

over a longer period of time than will the matters pending in state court. As such, neither the state suits nor the federal suit will dispose of all issues between the parties. *See e.g. Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006). Given the differences between the matters pending in each tribunal, the Court does not consider the cases to be sufficiently parallel for purposes of *Colorado River* abstention. Most importantly, the exceptional nature of federal abstention cuts in favor of jurisdiction. Accordingly, the Court declines to abstain, and Plaintiff's motion to stay is denied.

## IV.
### CONCLUSION

For the reasons set forth above, the Motion to Stay [ECF No. 53] filed by Plaintiff Richard Schales is DENIED.

THUS DONE in Chambers on this 7th day of June, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE